UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:03-367-2 |
| | § | CIVIL NO. 2:20-234-1 |
| JUAN GUTIERREZ, | § | |
|   Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Juan Gutierrez filed a "Demand to Abate or Vacate Void Judgment," which the Court has construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 37. Now pending is the United States of America's (the "Government") Motion to Dismiss (D.E. 42), to which Movant has not responded.

### I. BACKGROUND

In January 2004, Movant pled guilty to conspiracy to possess with intent to distribute 197 kilograms of marijuana. He was sentenced to 51 months' imprisonment, to be followed by 5 years' supervised release. Judgment was entered April 23, 2004. Movant did not appeal. He was released from federal custody in August 2007 and began his term of supervision.

On May 25, 2010, the Court sentenced Movant to 188 months' imprisonment for conspiracy to distribute marijuana in Cause No. 2:10-CR-63-2. At the same hearing, Movant was also sentenced to an additional 3 months' imprisonment in the above-captioned case for violating the terms of his supervised release, after he admitted to possession and use of cocaine, associating with persons engaged in criminal activity, and conspiracy to possess with intent to distribute marijuana. Movant did not appeal his supervised release sentence, which he will serve consecutive to his sentence in Cause No. 2:10-CR-63-2.

**II. DEMAND TO ABATE OR VACATE VOID JUDGMENT**

On January 9, 2020, Movant filed the current "Demand to Abate or Vacate Void Judgment," which asserts a variety of claims and moves the Court to "[v]acate this matter for violation of due process and lack of jurisdiction and release the prisoner immediately." D.E. 37, p. 21. The Court issued an Order pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), ordering Movant to advise the Court within 30 days whether he wanted his motion to be characterized as a motion pursuant to 28 U.S.C. § 2255 and, if he did, to file an amended § 2255 motion with all claims using the standard form. D.E. 37. Movant did not amend or withdraw his original motion, which the Government has moved to dismiss as untimely.

**III. ANALYSIS**

    **A. 28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

**B. Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[1] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam). Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Movant must show that: (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365.

Movant's conviction following his supervised release violations became final on the last day to file a timely notice of appeal, that is, 14 days after the judgment was entered on the docket. FED. R. APP. P. 4(b). The Judgment for Revocation was entered May 27, 2010. Movant's conviction therefore became final on June 6, 2010. He did not file his § 2255 motion until January 9, 2020—more than eight years after the statute of limitations expired on June 6, 2011. Movant does not allege that he is entitled to equitable tolling, and he has presented no facts

---

1. The statute provides that the limitations period shall run from the latest of:

    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

suggesting that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion. The Court finds Movant's motion is untimely.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (D.E. 42) is **GRANTED**, Movant's construed motion under 28 U.S.C. § 2255 (D.E. 37) is **DENIED,** and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 6th day of October, 2020.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE